# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| DANIEL HARVEY, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Civil No. 18-cv-305 |
| v. ) | |
| ) | Hon. Liam O'Grady |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (Dkt. 21). The motion is fully briefed. For the reasons stated below and for good cause shown, Defendant's Motion to Dismiss (Dkt. 21) is **GRANTED**.

Plaintiff's operative Amended Complaint (Dkt. 12) was filed on August 2, 2018. *See* Dkt. 26. Plaintiff was a member of the United States Navy from 2002 to 2004. The Amended Complaint alleges that Defendant, the United States of America, falsely imprisoned Plaintiff when the Navy denied Plaintiff's request for a hardship discharge or transfer to another Naval unit in 2003. Plaintiff seeks monetary relief pursuant to the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court grants Defendant's Motion to Dismiss for five reasons.

First, Plaintiff's claims are barred by the *Feres* doctrine because they are "incident to military service." The Court lacks jurisdiction over claims regarding military decisions to discharge or transfer a military member. *United States v. Shearer*, 473 U.S. 52, 59 (1985).

Second, Plaintiff's false imprisonment claims are barred by the "intentional tort proviso" of the Federal Tort Claims Act, 28 U.S.C. § 2680(h). *Welsh v. U.S.*, 409 F.3d 646, 651 (4th Cir. 2005) ("§ 2680(h) exempts claims for certain intentional torts, including those for false imprisonment, from the waiver of sovereign immunity."); *Popovic v. U.S.*, 1999 WL 228243, at *3–4 (4th Cir. 1999) (finding that the district court properly dismissed negligence claims that arose out of claims barred by the Federal Tort Claims Act).

Third, Plaintiff's *Bivens* claims – his claims seeking monetary relief for alleged constitutional violations by an individual federal officer – are barred by the United States' sovereign immunity. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002).

Fourth, Plaintiff's Amended Complaint does not state a plausible claim upon which relief can be granted. To state a plausible claim and survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has alleged that Defendant engaged in false imprisonment because Defendant denied Plaintiff's discharge request. Plaintiff has not made any allegations about the circumstances surrounding his request, why Defendant denied his request, or his options following the denial. As such, Plaintiff has not pled sufficient factual allegations to allow the Court to draw a reasonable inference that the Defendant is liable for the misconduct alleged.

Finally, Plaintiff's claims are barred by the Federal Tort Claims Act's two-year statute of limitations, 28 U.S.C. § 2401(b), because the denial of his request for discharge or transfer occurred in 2003.

For the reasons stated above, and for good cause shown, the Amended Complaint (Dkt. 12) is hereby **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

September 26, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge